# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**PRESTERA CENTER FOR MENTAL HEALTH SERVICES, INC.,**
**Respondent Below, Petitioner**

**vs.) No. 22-ICA-271**          (Workforce Bd. of Review Case No. R-2022-1668)

**BRIANNA M. WOODIE,**
**Claimant Below, Respondent**

**and**

**WORKFORCE WEST VIRGINIA,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Prestera Center for Mental Health Service, Inc. ("Prestera") appeals the October 28, 2022, decision of the Workforce West Virginia Board of Review ("Board"), affirming the August 24, 2022, decision of the Board's administrative law judge ("ALJ"), which found that respondent Brianna M. Woodie was eligible for unemployment compensation benefits.[1] The issue on appeal is whether the Board erred by concluding that Ms. Woodie had left her employment with good cause for health-related reasons.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's determination that Ms. Woodie was eligible for unemployment compensation benefits. Accordingly, a memorandum decision reversing that decision is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

Ms. Woodie was employed by Prestera as a therapist from September 23, 2019, to March 25, 2021. Ms. Woodie's last official day of work was November 21, 2020, as she subsequently took twelve weeks of FMLA leave to recover from cancer-related surgery and treatment. Ms. Woodie's FMLA leave was exhausted on February 14, 2021, but Ms. Woodie did not return to work. Following the exhaustion of her FMLA, by certified letter dated March 18, 2021, Prestera informed Ms. Woodie that because her FMLA had been exhausted, she would need to return to work by March 25, 2021. The letter further informed

---

[1] Prestera is represented by Adam K. Strider, Esq. Ms. Woodie and neither the Workforce West Virginia Commissioner, nor the Board, participated in this appeal.

Ms. Woodie that if she did not return to work by the deadline, she would be classified as inactive, but that she would be eligible for rehire. Based on testimony at the administrative hearing, Prestera extended Ms. Woodie's deadline to return to work from March 25, 2021, to March 31, 2021. When Ms. Woodie did not return to work or provide Prestera with a date on which she would return to work, Prestera deemed Ms. Woodie's lack of response to be a resignation or voluntary quit.

Thereafter, Ms. Woodie filed for unemployment compensation benefits. According to a Personnel Termination Notice form ("Termination Notice") completed by Prestera's HR Department, the two reasons given for Ms. Woodie's resignation were "on the advice of physician" and "sickness." A deputy's decision dated July 13, 2022, found that Ms. Woodie was ineligible for benefits because she failed to comply with the requirement of West Virginia Code § 21A-6-3(1) (2020), which allows for benefits:

> [I]f the individual was compelled to leave his or her work for his or her own health-related reasons and notifies the employer prior to leaving the job or within two business days after leaving the job or as soon as practicable and presents written certification from a licensed physician within 30 days of leaving the job that his or her work aggravated, worsened, or will worsen the individual's health problem.

The deputy concluded that Ms. Woodie had left her employment for health reasons and that she had complied with only a portion of the requirements under West Virginia Code § 21A-6-3(1). Specifically, the deputy determined that Ms. Woodie had "notified the employer prior to leaving the job or within two business days after leaving the job or as soon as practicable that the job affected or would affect her health." However, the deputy further determined that Ms. Woodie failed to comply with the remaining language of the statute because she had "not presented written documentation from a licensed physician within thirty days of leaving the job advising that the work aggravated, worsened, or will worsen her health." Therefore, the deputy concluded Ms. Woodie had voluntarily quit her job without good cause, and was ineligible for unemployment compensation beginning March 21, 2021, and would remain ineligible until she returned to covered employment for thirty working days. *See* W. Va. Code § 21A-6-3(1). Ms. Woodie appealed, and the matter proceeded to a hearing before the Board's ALJ. Notably, in her letter seeking to appeal the deputy's decisions, Ms. Woodie disputed the basis given on the Termination Notice stating, in part:

> The reason that I am appealing this decision is due to the fact that I was never told that I was unable to work by the oncologist providing my care. The only form I ever received in regards to my health was FMLA paperwork, which stated that I could take leave intermittently.

2

An administrative hearing was held on August 22, 2022. The only two witnesses were Ms. Woodie and Crystal Boggess, Prestera's Human Resources Manager. Ms. Woodie testified that her Prestera supervisor, Kate Luikart, had contacted her by phone on March 25, 2021, inquiring whether she was able to return to work. Ms. Woodie indicated that she could not return to work because she was still in active treatment at that time. She further testified that Ms. Luikart did not tell her she was terminated, only that Prestera was considering discharging her from employment. On that same day, and shortly after the phone call, Ms. Woodie received an e-mail from her employer's benefits specialist, Holly Shivel. The e-mail informed Ms. Woodie that because she had told Ms. Luikart that she was unable to return to work, pursuant to the terms of the March 18, 2021, certified letter, her employment was terminated. The e-mail also stated that Ms. Woodie could reapply with Prestera in the future. Ms. Woodie also testified that the only documentation she provided to Prestera was the earlier FMLA paperwork that was signed by her physician prior to Ms. Woodie going on FMLA leave. Ms. Woodie never reapplied to work for Prestera.

Ms. Boggess testified that Prestera considered Ms. Woodie's failure to return to work to be a voluntary quit or voluntary resignation once she had exhausted her FMLA and passed her March 31, 2021, deadline to return to work. She further testified that Ms. Woodie did not submit any further medical documentation to Prestera following the exhaustion of her FMLA regarding her inability to return to work because of her health condition.

In its decision, the ALJ found that because Ms. Woodie voluntarily quit her employment, the only pending issue was whether Ms. Woodie had proven that she had left her employment with good cause due to health reasons pursuant to West Virginia Code § 21A-6-3(1). Ultimately, the ALJ concluded that Ms. Woodie had left Prestera with good cause, related to health reasons, and, thus, found her eligible for unemployment compensation. The ALJ reversed the deputy's decision, and in support of its ruling, only offered the following:

> [Ms. Woodie] did not return to work after November 21, 2020, due to her cancer treatments, namely chemotherapy. [Ms. Woodie] had surgery and chemotherapy to remedy her health condition and was taken off work by her doctor from November 2020 to May 2021.[2] Although it is true that [Ms. Woodie] did not return to work, the employer counts her absence as a

---

[2] There is nothing in the designated record to corroborate the ALJ's finding that Ms. Woodie was off work by doctor's order until May of 2021. This fact also appears unsupported by Ms. Woodie's own testimony that her physician approved her for intermittent FMLA, permitting her to work as she was able. However, this discrepancy has no bearing on our decision herein.

3

voluntary quit. The employer's argument, [sic] it is clear that [Ms. Woodie] did not return to work solely based on her health condition. Moreover, the employer knew of the extreme nature of [Ms. Woodie]'s health issues as she was on FMLA, through its exhaustion, and was still unable to return to work.

The employer herein should be congratulated for doing the right thing. That is to say, the employer continually paid the [Ms. Woodie]'s salary while out on FMLA, which is not mandated by either policy or law, and it clear that [Ms. Woodie] was appreciative. As the employer determined that [Ms. Woodie] had quit her employment due to her non-return from FMLA, based upon her continued health issues, she was unable to return to work and as such was deemed to have voluntarily quit her employment with good cause due to her own health conditions. The employer has no argument as to the lack of notice as it was the entity that facilitated her FMLA time off.

The ALJ's decision was entered on August 24, 2022. On October 28, 2022, the Board entered its order, affirming the ALJ's decision and adopting the ALJ's findings of fact and conclusions of law. This appeal followed. Our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W.Va. 561, 563, 453 S.E.2d 395, 397 (1994).

Prestera's only assignment of error is that the Board erred by concluding that Ms. Woodie had complied with the physician certification requirements of West Virginia Code §21A-6-3(1), and therefore, was eligible for unemployment benefits. Upon review, we agree with Prestera.[3]

---

[3] As previously noted, neither Ms. Woodie, nor the Workforce West Virginia Commissioner, nor the Board, participated in this appeal. We remind Workforce West Virginia that both its commissioner and the Board are statutorily required to participate in all appeals seeking judicial review of Board decisions. *See* W. Va. Code § 21A-7-17 (1967) (stating, in part, that the commissioner "shall" be a necessary party to judicial reviews) and W. Va. Code § 21A-7-20 (1936) ("The board shall be made a party to every judicial action which involves its decisions. The board may be represented in such actions by an attorney of the department or at the board's request, by the attorney general.") Further, to the extent that none of the Workforce West Virginia respondents participated, we also remind the parties that pursuant to the West Virginia Rules of Appellate Procedure, when a respondent fails to participate, this Court has the discretion to find that said respondent agrees with petitioner's argument. *See* W. Va. R. App. P. 5(g)-(h) (incorporating the requirements of

West Virginia Code § 21A-6-3(1) provides, in part:

> Further, for the purposes of this subdivision, an individual has not left his or her most recent work voluntarily without good cause involving fault on the part of the employer, if the individual was compelled to leave his or her work for his or her own health-related reasons and notifies the employer prior to leaving the job or within two business days after leaving the job or as soon as practicable and presents written certification from a licensed physician within 30 days of leaving the job that his or her work aggravated, worsened, or will worsen the individual's health problem.

W. Va. Code § 21A-6-3(1).

First, we find that the ALJ's order as adopted by the Board, is clearly wrong in finding that Ms. Woodie met the requirements for continued unemployment benefits because of her health issues. To remain eligible for unemployment compensation benefits after voluntarily leaving employment with good cause, the plain language of West Virginia Code § 21A-6-3(1) clearly required Ms. Woodie to present written certification from a licensed physician within thirty days of her separation from employment, and this physician's certification was required to state that Ms. Woodie's work "aggravated, worsened, or will worsen her medical condition." *Id*. The record in this case is devoid of any evidence to support the Board's finding. In fact, by Ms. Woodie's admission, the only medical documentation she submitted to Prestera was the original FMLA paperwork, and she made no effort to provide further documentation to Prestera upon notifying them that she was not returning to work after she exhausted her FMLA. As such, the Board was clearly wrong to award Ms. Woodie unemployment benefits based upon its finding that Ms. Woodie had complied with the physician's certification requirements of West Virginia Code § 21A-6-3(1). *See Workforce W. Va. v. Gaddy*, No. 22-ICA-10, 2023 WL 5695931, at *3-4 (W. Va. Ct. App. Sept. 5, 2023) (finding claimant ineligible for unemployment benefits based on failure to comply with physician's certification requirements of West Virginia Code § 21A-6-3(1)).

Instead, we find that the record demonstrates that Ms. Woodie left work voluntarily without fault on the part of her employer and cited her ongoing medical treatment as the reason for her separation from work. Despite leaving her employment for health-related

Rule 10 of our Appellate Rules into administrative appeals); W. Va. R. App. P. 10(d) ("If the respondent's brief fails to respond . . . the [Court] will assume that the respondent agrees with the petitioner's view of the issue."). While we decline to impose that finding upon the nonparticipating parties in this case, that does not foreclose our ability to impose this negative inference in future cases where none of the Workforce West Virginia respondents participate and represent Workforce West Virginia.

reasons, Ms. Woodie did not provide a physician's certification within thirty days as required by statute. Because Ms. Woodie failed to comply with the requirements of West Virginia Code § 21A-6-3(1), we find that she did not meet her burden of proof. Therefore, we conclude that Ms. Woodie was ineligible for unemployment compensation benefits as a matter of law.

Accordingly, we reverse the Board's October 28, 2022, decision.

Reversed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6